*BREWSTER, AUDITOR, ET AL. V. MARY F. ANDERSON.

1. JUDGMENT CANNOT BE SET ASIDE BY COURT BELOW, AFTER APPEAL,—ERROR WILL LIE. TO SUCH ACTION.

M. F. A. brought suit in the Hamilton county common pleas against I. W. B. &. F. R., as auditor and treasurer of said county. Judgment was rendered for defendants, and the cause appealed to the circuit court where judgment was also rendered. The case was then taken to the Supreme Court on error. Subsequently, defendants filed a motion in the common pleas to set aside the judgment on the ground of fraud, which motion was granted, and judgment set aside : *Held,*

1. That the common pleas court had no power to set aside such judgment; that by the appeal the whole case went to the circuit court, and the judgment in that court superseded the judgment below.
2. That the order was a final order to which error will lie in the circuit court.

2. WAIVER OF PROCESS BY COUNTY SOLICITOR SUSTAINED.

Upon the filing of the petition in the common pleas, R. B. S., county solicitor, waived issuing and service of process and entered the appearance of the defendants : *Held:*
That under section 2862, R. S., and by the previous conduct of the parties, that R. B. S. was authorized to enter the appearance for defendants, and that the parties were properly before the court.

ERROR to the Court of Common Pleas of Hamilton county.

SWING, J.

Mary F. Anderson brought her action in the Hamilton county common pleas against the defendants, Brewster and Rattermann, in which she set out that the defendants were respectively auditor and treasurer of said county; that she was the owner of a certain real estate in the city of Cincinnati; that it was occupied by one ———, who was a dealer in spirituous and malt liquors; that by reason of a certain act of the legislature of Ohio, passed on ——— day of ———, 1886, commonly known as the "Dow Law," a cloud had been cast upon her title to said real estate; that said law is unconstitutional and void, and prayed that the same might be so declared and said cloud upon her title removed.

Upon the filing of said petition, Rufus B. Smith, county solicitor of said county, waived service and entered appearance for said defendants. To the petition a demurrer was filed, which the court of common pleas sustained, and dismissed the petition; thereupon the plaintiff appealed said cause to the circuit court, which court also sustained said demurrer and dismissed the petition. Plaintiff then took said cause to the Supreme Court on a writ of error to the decision of the circuit court.

After said cause was in the Supreme Court, defendants Brewster and Rattermann, filed the following motion in the court of common pleas :

"Now come the defendants, Joseph W. Brewster and Frank Rattermann, and move to set aside the judgment heretofore entered herein, because the same was collusively and fraudulently obtained.

                                  "W. W. SYMMES,
                                  "JOHN F. FOLLETT,
                                  "HOADLY, JOHNSON & COLSTON,
"Attorneys for Brewster and Rattermann."

The motion came on for hearing in the court of common pleas, and was heard upon affidavits and testimony, and the court found as follows :

"That said entry was erroneously made; that the court had no jurisdiction at the time to make said entry; that the defendants had not been served in the case with a summons, nor had they waived the issuing and service of summons, or entered their appearance, or authorized any one so to do in this cause, and that, therefore, said entry is void and of no binding effect. It is, therefore, ordered by the court that said entry be and the same is hereby set aside, and held for naught."

To all of which the defendants, Brewster and Rattermann, excepted by the county solicitor, and a bill of exceptions was allowed and signed.

To reverse this order of the court below this action is prosecuted here.

It is claimed by plaintiffs in error, through the county solicitor, that the court below had no jurisdiction to pass on the question raised by this motion, for the reason that when the

*The judgment in this case was affirmed by the Supreme Court. See opinion, 44 O. S., 576.

case was appealed to the circuit court, the whole case was taken up, and that nothing was left in the court below. On the other hand, the plaintiffs in error, through their attorneys, who filed said motion, or rather through Mr. Kittredge, who represents the Saloonkeepers' Association. claim that the appeal did not take up the case so as to deprive the court of the power to set aside the judgment upon motion during term time, and that the perfecting of an appeal during term time does not oust in the case the court from jurisdiction so as to prevent it from rendering such orders and judgments as the court may deem proper; and they further claim, that as far as this proceeding is concerned, the order of the court setting aside such judgment is not such a final order that error will lie to it in this court.

In some respects this is a peculiar case. Brewster and Rattermann, in whose favor the judgment below was rendered, without in any way attempting to show how they were prejudiced thereby, filed the motion to set the judgment aside. The motion was granted. And now they are seeking through the county solicitor to have the order setting aside the judgment set aside.

This strange and anomalous proceeding is not to be accounted for by what is disclosed in the record in this case  The reasons must be found elsewhere; but we don't think we are called upon to go outside of the record to hunt for them. We deem it, however, proper to remark that we doubt if it was caused by any special desire on their part to fulfill the obligations that they were resting under by reason of the oath that they took before entering upon the duties of their respective offices.

Did the court below have jurisdiction to do what it did? We think not.

By the appeal we think that the whole case was taken from the common pleas to the circuit court.

The statute applicable to appeals, section 5335, as amended February 7, 1885, 82 O. L., 32, reads as follows: "When an appeal is taken and bond given the judgment is thereby suspended, unless some part of the final judgment appealed from be an injunction. * * * And the clerk of the common pleas shall forthwith make an authenticated transcript of the docket and journal entries and of the final judgment in the cause appealed, which transcript, together with the original papers and pleadings, he shall deliver at the office of the clerk of the circuit court."

Section 5239 provides, that when the circuit court makes a final order, or renders a final judgment in cases brought before it on appeal, it may enforce the same by process issued therefrom, or may remand the same to the common pleas court for execution; and when so remanded, such judgment shall stand as the judgment of the common pleas court.

Certainly, when the appeal was perfected, every question between the parties was transferred from the common pleas to the circuit court, leaving no part of the case remaining in the common pleas court for its determination, and the case stood for trial in the circuit court, as it did originally in the court below, with full power in that court to determine every question which might arise in the case. If this were not true, the court of common pleas might, after a case had been appealed to the circuit court, set its judgment aside, grant a new trial and proceed to retry the case, while at the same time the circuit court might be trying the case on the appeal. This illustration shows that such a theory of the law is not correct. When the case went to the circuit court, it went there as a whole, and there remained in the common pleas court a suspended judgment with no life in it except the power to retain any lien that it might have on the judgment debtor's property; and we think it beyond the power of the court below to meddle with this suspended judgment so as to affect the rights of the parties in the controversy which is pending for trial, or has passed into judgment in the court above.

The question for trial on an appeal in the circuit court is not whether the judgment of the court of common pleas is right or wrong, but it is as to the rights between the parties on the pleadings and the evidence, and it is the judgment in the circuit court which fixes the ultimate rights between the parties; and if the cases goes to the Supreme Court, it is this last judgment which it is sought to reverse. Courts do not sit to reverse or modify judgments unless there is error in them to the prejudice of the party complaining, and this motion was not based on any ground provided in the statute, but was urged upon the ground that the court has the common law right to change and control its judgments during the term.

The ground set out in the motion was collusion and fraud; but the entry setting aside the judgment sets forth as the ground of reversal that the defendants were not served and the court had no jurisdiction to try the cause.

Did the county solicitor have authority to waive service and enter appearance for the defendants? Section 2862, Revised Statutes, provides: "Whenever an action has been commenced * * * against any person holding the office of county treasurer, or county auditor, or other county office, for performing or attempting to perform any duty authorized by or directed by any statute or statutes of this state for the collection of the public revenue, * * * it shall be the duty of the solicitor of said board of control to take charge of and attend to all actions against any of the officers above named in such county for performing, or attempting to perform, any of the duties aforesaid, and it shall be unlawful for any of said officers in such county to employ any other counsel to defend such action or suit."

We are of the opinion that under this section, when a petition is filed, the action shall be deemed "commenced," and that it then becomes the duty of the solicitor to take charge of and attend to said case, and that within this power is the right to waive the issuing and

service of process, and to enter the appearance of said defendants, if he thinks it is to the interest of the people so to do. The auditor and treasurer are only nominal parties to the action. The real party is the people, and the county solicitor is the person who looks after their interests. It is of no benefit to the people that the auditor and treasurer have notice, provided the solicitor have notice—in cases where they were served with summons, the proof shows they took no official action except to send the summons to the solicitor.

The only object of a summons is to notify the opposite party of the nature of the claim and when answer shall be made. It is every-day practice for attorneys to waive this on behalf of their clients ; the testimony shows it to have been the custom of the county solicitor to do this in similar cases, and of our own knowledge we know this to have been done in the cases against defendants which have come into this court, and we regard this, by reason of the course of conduct between them, independent of the statute, as an implied authority from them to the solicitor to appear for them and waive service and enter their appearance.

No attempt was made upon the hearing of the motion, to show that said defendants had been prevented from performing any duty devolving upon them pertaining to said suit, or that they had lost any rights by reason of the solicitor having entered their appearance without their knowledge or consent. Costs had been saved, the question had been speedily determined in the lower courts, and a judgment in favor of the people obtained, and yet the servants of the people complain. This case abundantly shows how it may be to the interest of the people that the solicitor should have the power to enter the appearance of the people by the auditor and treasurer, and we can see no good reason why he should not have this power, or why it is not within the authority granted by said section. If we are correct in this view of the law, the court below should not have set the judgment aside for the reasons set forth in the order. But if the court gave a bad reason for its judgment, can there still be found a good reason to sustain it?

It is claimed that there was collusion and fraud upon the part of the solicitor and the attorneys in getting up the case and obtaining the judgment in the court below. Collusion means "a secret agreement and cooperation for a fraudulent purpose," and again, "a person who is guilty of collusion unites with others, playing into their hands, for fraudulent purposes."

Do the acts of the parties show a fraudulent purpose—I mean the acts of the *solicitor* and the *attorneys?*

Did the plaintiff have the right to bring her action? She certainly had. Her right was a substantive right, and not a fictitious one. The question being one of a public nature and involving a constitutional question, we cannot regard a purpose which endeavors to get the question as soon as possible before the Supreme Court for its decision, as fraudulent. It is to the interest of all the people that the question be speedily decided by the only tribunal whose judgment would determine the question. This was the object of the parties, and it is to be commended rather than condemned. In a case of this kind there could be no good reason why the case should be delayed in the lower courts, and there was no ground to apprehend that the case would be unduly hastened through the Supreme Court without its receiving proper consideration. Questions of a kindred nature had lately been passed upon by a majority of the present Supreme Court, and ample provision is made for all persons to be heard in said court, even though they are not parties to the suit. (See 441.)

There remains one other question to be determined, and this probably should have been passed upon before considering the last two questions, for their consideration depends upon the view we have taken of this.

The question is: Was the order of the court setting the former judgment aside, such a final order as that error would lie to it? We think it is, although we are not without doubt as to the correctness of our decision.

In Hettrick v. Wilson, 12 O. S., 136, the plaintiff had obtained a judgment at one term, which the court, at a subsequent term, on motion, without notice to the opposite party, had set aside. The Supreme Court say:

There can be no doubt that the order of the court of common pleas which is sought to be reversed is one " affecting a substantial right made in a special proceeding in an action, after judgment," and is, therefore, the proper subject of review upon error.

We think this case, fairly considered, is an authority in point on this question.

The judgment of the court below will therefore be reversed.

Thomas McDougall, C. Bently Matthews, Rufus B. Smith and Willis M. Kemper, for plaintiffs.

Hoadly, Johnson & Colston, John F. Follett and W. W. Symmes, for defendants.